UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
************************************
GARY ADDIVINOLA            *
     Plaintiff,            *
                           *     CIVIL ACTION NO. 03-12476REK
vs.                        *
                           *
THE HOME DEPOT USA, INC.   *
     Defendant.            *
                           *
************************************
```

## HOME DEPOT U.S.A., INC.'S ANSWER AND JURY DEMAND

Defendant Home Depot U.S.A., Inc. ("Home Depot U.S.A.") answers the plaintiff's Complaint as follows:

### PARTIES

1. Home Depot U.S.A. is without knowledge or information sufficient to admit or deny the allegations contained in ¶1 of the Complaint.

2. Home Depot U.S.A. admits that it is a Delaware corporation with a principal place of business at 2455 Paces Ferry Road, Atlanta, Georgia and operates a retail store in Natick, Massachusetts.

3. The defendant admits that it has sold Krause ladders.

### COUNT I
### (Breach of Warranty)

4-7.  Denied.

### COUNT II
### (Negligence)

8.  Home Depot repeats its responses to ¶¶ 1 through 7.

9 a-b – 10.    Denied

WHEREFORE, Home Depot U.S.A. demands judgment in its favor and an award of costs.

### FIRST SEPARATE DEFENSE

The Complaint fails to state claims upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff is barred from recovery, in whole or in part, on any theory of negligence because of his negligent conduct.

### THIRD SEPARATE DEFENSE

Plaintiff is barred from any recovery because his alleged injuries and damages were caused by the acts or omissions of third persons over whom Home Depot exercised no control and for whose conduct Home Depot bears no responsibility.

### FOURTH SEPARATE DEFENSE

Plaintiff is barred from any recovery for any alleged breach of warranties because he failed to give timely notice to Home Depot of the alleged breach of warranties, which failure caused Home Depot substantial prejudice.

### FIFTH SEPARATE DEFENSE

Plaintiff is barred from recovery in whole or in part because he failed to mitigate his damages.

### SIXTH SEPARATE DEFENSE

If the product is defective (which Home Depot specifically denies), plaintiff is barred from any recovery because he was aware of the alleged defect and nonetheless

voluntarily and unreasonably proceeded to encounter the known danger created by the alleged defect.

## SEVENTH SEPARATE DEFENSE

Plaintiff is barred from any recovery because the conduct of plaintiff, considered alone or in conjunction with that of non-parties, was the sole proximate cause of the alleged injuries and damages.

## EIGHTH SEPARATE DEFENSE

Plaintiff is barred from recovery because the alleged injuries and damages were caused by the intervening and superseding actions of third persons.

## NINTH SEPARATE DEFENSE

Plaintiff is barred from recovery in whole or in part because he spoliated or otherwise failed to maintain evidence critical to this case.

## TENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred cause of improper process or service of process.

## JURY DEMAND

Home Depot demands a trial by jury on all issues.

Kenneth M. Robbins

HOME DEPOT U.S.A., INC.,

By its Attorneys,

CAMPBELL, CAMPBELL EDWARDS & CONROY, P.C.

James M. Campbell (BBO# 541882)
Kenneth M. Robbins (BBO# 636231)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, Kenneth M. Robbins, certify I served a copy of the foregoing document on January 9, 2004, on all parties of record, by mailing a copy, postage prepaid, to:

Kenneth M. Robbins